IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DONNA HAWKINS,**                                                               **PLAINTIFF**

v.                                         **3:15-cv-210-DPM**

**BAPTIST MEMORIAL**
**HOSPITAL - JONESBORO, INC.,**
**BRAD PARSONS, AND JAMES KELLER,**                  **DEFENDANTS**

### AGREED PROTECTIVE ORDER

This action is for alleged violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, The Family and Medical Leave Act ("FMLA"), and the Arkansas Civil Rights Act of 1993 ("ACRA"), and discovery pertaining to these causes of action may involve: (1) Protected Health Information ("PHI") for current or former patients and/or employees of Defendant Baptist Memorial Hospital-Jonesboro ("BMH-Jonesboro"); (2) Protected Health Information ("PHI") for Defendants Brad Parsons ("Parsons") and James Keller ("Keller"); (3) Protected Health Information ("PHI") for Plaintiff Donna Hawkins ("Hawkins"); (4) confidential personnel information of current and former employees of Defendant BMH-Jonesboro; and (5) confidential business information of Defendant BMH-Jonesboro. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with 45 CFR § 164.512(e)(1)(ii)(B) and (v), and the stipulation of the parties,

**IT IS ORDERED THAT** the following provisions and conditions shall apply to (1) Protected Health Information ("PHI") for current or former patients and employees of

Defendant BMH-Jonesboro; (2) Protected Health Information ("PHI") for Defendants Parsons and Keller; (3) Protected Health Information ("PHI") for Plaintiff Hawkins; (4) confidential personnel information of current and former employees of Defendant BMH-Jonesboro; and (5) confidential business information of Defendant BMH-Jonesboro, produced, filed by or obtained from either party or their counsel or any other person or entity in the above-captioned matter (including but not limited to, disclosures, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and transcripts, motions, briefs, declarations and affidavits, and all information contained therein or obtained therefrom):

1. To protect PHI, the parties may designate all documents, things, or information produced in or obtained through discovery containing PHI, or any portion thereof, as "Confidential." This designation shall be made in good faith. For purposes of this Order, PHI shall mean all references to the identity, diagnosis, prognosis, or treatment of any specific former or current employee or patient of Defendant BMH-Jonesboro. Transcripts of depositions or hearings which contain references to PHI shall likewise be considered confidential under this Order and subject to the same treatment as other PHI.

2. Similarly, the parties may designate other personal employment information of Defendant BMH-Jonesboro's current and former employees and confidential business information of Defendants as "Confidential." This designation shall be made in good faith.

3. The parties and their counsel and any and all employees of counsel shall not disclose any PHI or any other testimony, documents, or things designated as

Confidential, to any third parties other than each other, the Court and covered experts and litigation vendors covered by Paragraph 6.  Such PHI or other testimony, documents, or things designated as Confidential shall not be used for any purposes other than in pleadings, preparation and presentation of proof for this litigation. Whenever practical in transcripts, pleadings or other submissions or offers of proof to the Court, the parties shall redact PHI or other confidential information.  Where redaction is not practical, the parties shall file such transcripts, pleadings or other submissions under seal with the clerk of the court.

4. All material designated as Confidential shall be treated as such until the termination of this action, or until the party objecting to the designation obtains an order from the Court to the effect that such documents or information can be disclosed or used for some other purpose. All material filed under seal with the Court shall remain under seal until otherwise ordered by the Court.

5. Upon final termination of this action, all persons subject to this Order shall destroy or return all Confidential material containing PHI (and all documents containing information referring to or derived therefrom), including all copies thereof (except privileged communications or attorney work product) to Defendants' counsel.  At that time, counsel for Plaintiff shall certify to Defendants' counsel that all such materials designated as Confidential for purposes of this action have either been returned or destroyed.  This certification shall be made within a reasonable time after termination of the action.  All persons subject to this Order may maintain Confidential material which does not include any PHI for a period of three years after this action is terminated, after which such information shall be destroyed or returned to Defendants' counsel.  At that

time, counsel for Plaintiff shall certify to Defendants' counsel that all materials designated as Confidential for purposes of this action have either been returned or destroyed.

6.  Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, the parties and their counsel are expressly and specifically AUTHORIZED to disclose PHI as necessary for the prosecution and defense of this litigation to, or before any consulting or testifying expert, court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case on the condition that each of these third parties signs an agreement to abide by the terms of this Protective Order (attached as <u>Exhibit A</u>). Each party or the party's legal counsel is charged with obtaining the advance consent of these third parties to comply with this Order. Upon giving consent, the expert or service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of the above-styled matter for purposes of enforcement of this order, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

7.  Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to depositions or trial, are specifically and expressly authorized to use and disclose the PHI of a party in any form at such judicial proceeding and the parties' legal counsel are charged with advising such witnesses of their obligation to otherwise maintain the confidentiality of PHI.

8. Through counsel, the parties may agree to any specific disclosure of PHI or other Confidential information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Order as to the use of that document or thing.

9. Inadvertent disclosure of PHI (or any information contained therein or derived therefrom) or any other Confidential information (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein.

10. Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any party as an "admission by party opponent."

11. Nothing in this Order, or any designation or declaration pursuant to this Order, shall limit the right of Defendant BMH-Jonesboro, Inc. to use PHI in compliance with HIPAA in the normal and routine course of its business for the treatment of patients.

12. Any dispute as to whether material is covered by this Order will be handled according to the Final Scheduling Order protocol on discovery disputes.

13. This Order shall continue in effect, and the Court shall retain jurisdiction to enforce, construe or modify its terms, for one year after the termination of this litigation. SO ORDERED this _10th_ day of _February_, 2016.

_DP Marshall Jr._
UNITED STATES DISTRICT JUDGE

APPROVED & CONSENTED TO:


/s/ Kimberly M. Shappley
Paul E. Prather (TN Bar #10089)
Kimberly M. Shappley (AR Bar #2006076)
Littler Mendelson, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN 38125
Telephone: 901-795-6695
Facsimile: 901-795-1646
pprather@littler.com;
kshappley@littler.com

Attorneys for Defendants


/s/ Lucien R. Gillham
Lucien R. Gillham (AR Bar #99199)
Luther O. Sutter (AR Bar #95031)
Sutter & Gillham, PLLC
P.O. Box 2012
Benton, AR 72018
Telephone: 501-315-1910
Facsimile: 501-315-1916
Lucien.gillham@gmail.com;
luthersutter@yahoo.com

Attorneys for Plaintiff

APPROVED & CONSENTED TO:


/s/ Kimberly M. Shappley
Paul E. Prather (TN Bar #10089)
Kimberly M. Shappley (AR Bar #2006076)
Littler Mendelson, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN 38125
Telephone: 901-795-6695
Facsimile: 901-795-1646
pprather@littler.com;
kshappley@littler.com

Attorneys for Defendants


/s/ Lucien R. Gillham
Lucien R. Gillham (AR Bar #99199)
Luther O. Sutter (AR Bar #95031)
Sutter & Gillham, PLLC
P.O. Box 2012
Benton, AR 72018
Telephone: 501-315-1910
Facsimile: 501-315-1916
Lucien.gillham@gmail.com;
luthersutter@yahoo.com

Attorneys for Plaintiff

## EXHIBIT A

## ACKNOWLEDGMENT

My name is _____.

 I am aware that a Protective Order has been entered in the above-captioned action, and a copy of this order has been given to me.

 I promise that any documents, information, materials, or testimony, that are protected under the Protective Order entered in this case and designated as Confidential will be used by me only in connection with the above-captioned matter. I further promise that I will comply with the requirements of the Protective Order with respect to my use, including the possible filing of information covered thereby.

 I promise that I will not disclose or discuss such protected materials and information with any person other than those individuals permitted by the Order to review such materials.

_____
Signature

_____
Print Name

_____
Date

Witness:_____

Date:_____